| | |
|---|---|
| ZANE HUBBARD, | Case No.: 1:19-cv-00601-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| M.D. STAINER, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AND PLAINTIFF BE DIRECTED TO PAY THE FILING FEE |
| Defendants. | |
| | [ECF No. 2] |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Zane Hubbard is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on May 6, 2019, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.)

## I.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

1

Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.

## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he was subjected to discrimination and preferential treatment, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: Hubbard v. CDCR, et al., No. 1:13-cv-00761-MJS (PC) (E.D. Cal.) (dismissed on August 30, 2013, for failure to state a claim) (aff'd on appeal on October 10, 2014); Hubbard v. Mendes, et al., No. 1:13-cv-01078-LJO-MJS (PC) (E.D. Cal.) (dismissed on March 17, 2014, for failure to state a claim); Hubbard v. Lua, et al., No. 14-cv-00351-LJO-SAB (PC) (E.D. Cal.) (dismissed on May 6, 2014, for failure to state a claim); Hubbard v. Corcoran State Prison, et al., No. 1:13-cv-01736-MJS (PC) (E.D. Cal.) (dismissed on May 23, 2014, for failure to state a claim); Hubbard v. Weaver, et al., No. 1:13-cv-01755-MJS (PC) (E.D. Cal.) (dismissed on May 30, 2014, for failure to state a claim); and Hubbard v. Marchak, et al., No. 1: 14-cv-00274-LJO-GSA (PC) (E.D. Cal.) (dismissed on June 4, 2015, for failure to state a claim).

///
///

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on April 30, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff contends from 2011 to April 30, 2019, while housed at various facilities within the California Department of Corrections and Rehabilitation, he has had to file over two hundred administrative appeals without any form of sufficient relief for discrimination and preferential treatment, as all his appeals have been denied. Plaintiff further contends "Governor Edmund G. Brown Junior has suspended the function(s) of the State of California against me out of discrimination to call forth the execution of military power on an international basis in and of treason and levy leading to my condition(s) of confinement, argued in Grounds (1) and (2). Ex President Barack Obama aided this secret action by authorizing the democracy against me." (Compl. at 7.) Based on Plaintiff's allegations in the complaint, it is clear that Plaintiff is not under imminent danger of serious physical injury. Consequently, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that a Fresno District Judge be randomly assigned to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

///
///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2019**

UNITED STATES MAGISTRATE JUDGE