# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. STAINER, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00601-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS<br><br>[ECF Nos. 2, 3, 4,] |

Plaintiff Zane Hubbard is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 8, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Plaintiff's application to proceed in forma pauperis be denied because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and Plaintiff be required to pay the $400.00 filing fee in full. (ECF No. 3.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within twenty-one (21) days. (Id.)

On May 15, 2019, Plaintiff filed a motion for reconsideration which the Court construes as objections to the Findings and Recommendations. (ECF No. 4.)

As stated in the Findings and Recommendations, according to the complaint, Plaintiff contends from 2011 to April 30, 2019, while housed at various facilities within the California Department of

Corrections and Rehabilitation, he has had to file over two hundred administrative appeals without any form of sufficient relief for discrimination and preferential treatment, as all his appeals have been denied. Plaintiff further contends "Governor Edmund G. Brown Junior has suspended the function(s) of the State of California against me out of discrimination to call forth the execution of military power on an international basis in and of treason and levy leading to my condition(s) of confinement, argued in Grounds (1) and (2). Ex President Barack Obama aided this secret action by authorizing the democracy against me." (Compl. at 7.)

In his objections, Plaintiff continues to argue that he has filed over two hundred inmate appeals which demonstrate he is in imminent danger of physical injury. Plaintiff further contends "From 2011-2013, in CDCR, I challenged a punitive solitary confinement for the act(s) of: (1) Drawing a Central American Indian Priest; (2) Having an Indian Tattoo; and (3) Socializing with Hispanic(s) and Central American(s). From 2013-2019, CDCR has been trying to sterilize me and asexualize me with non-conventional force described as, psychosurgery, aversive therapy, shock therapy, and computer workgroup technology (California(s) Code of Regulation(s), Title 15, Section(s) 3368, 3367; 3369, 3413, subsection (a), division (6); and 3268, subsection (a), division (7)). As a result, I have been assaulted by staff once in May of 2014 (Hubbard v. Gutierrez; 1:14-cv-01560 (LJO-MJS) E.D.C.) and, one in 2016 in California v. Hubbard; 17FE004967, Sacramento County Superior Court of California. I have been periodically starved from 2014-2019, by serving contaminated food, or food shortage(s); a signature of the Catholic Church (The Holy Bible at Jeremiah 37:1, 2; and, Jeremiah 38:6-10; 2 Kings 24:10-12; 25:33, 11, 27-30; see also, The Holy Roman Empire in Prophecy, by Brad MacDonald, pp. (23))." (Obj's at p. 6.)

Plaintiff's vague and conclusory allegations fail to demonstrate that he was in imminent danger of serious physical injury at the time he filed this action on April 30, 2019. See Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative and fanciful"); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("Vague and utterly conclusory assertions" of harm are insufficient); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) ("imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued May 8, 2019, are adopted in full
2. Plaintiff's application to proceed in forma pauperis is denied;
3. Within thirty (30) days from the date of service of this order, Plaintiff must pay the $400.00 filing fee in full; and
4. The failure to pay the filing fee in full will result in dismissal of the action.

IT IS SO ORDERED.

Dated: **June 12, 2019**　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE